UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOAN FALLON,

                Plaintiff,

-against-

NATIONAL PASSENGER RAIL ROAD
CORP. d/b/a AMTRAK,

                Defendant.

-----------------------------------------------------------X

07 CV 3424

**COMPLAINT**

Case Number:
C.V.

**Jury Trial Requested**

RECEIVED
APR 30 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Joan Fallon by her attorney for `her complaint alleges as follows:

### The Parties

1)     Plaintiff, Joan Fallon is a resident of the State of New York, County of Suffolk.

2)     Defendant National Passenger Railroad Corp. d/b/a Amtrak ("Amtrak") is upon information and belief an foreign corporation within its principal place of business in Washington, D.C.

### Jurisdiction and Venue

3)     On April 7, 2007, Joan Fallon was caused to fall and injure herself on property owned by Amtrak in New York City, i.e. the entrance area of Penn Station.

4)     More specifically, Joan Fallon suffered a fractured hip at Penn Station as the result of a malfunctioning door at the entrance to Amtrak's portion of Penn Station on the Eighth Avenue side of the building.

5)     Accordingly, Venue is proper in the Southern District of New York as the situs of the accident was in the Southern District of New York.

6) Jurisdiction in the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. §1332, 1441 because this suit involves parties of diverse citizenship and seek an amount in controversy in excess of $75,000.

First Cause of Action

7) On April 7, 2007, while Plaintiff Joan Fallon was lawfully on the premises of Penn Station she was caused to fall to the ground and sustain serious injury as a result of a broken and defective entrance door.

8) Amtrak owns Penn Station.

9) Amtrak is responsible for maintaining Penn Station so that it is in a reasonably safe condition and would not present a danger to those individuals passing through Penn Station.

10) The defective door that caused Plaintiff to fall had existed in that same defective condition for a period of time prior to Plaintiff's falling, and its defective condition was known to Defendant or should have been known to Defendant.

11) Defendant, despite knowing of the defective door failed to take steps to cure the defect, and failed to take steps to warn visitors to Penn Station of the defect.

12) As a result of Defendant's negligence, Plaintiff was injured.

WHEREFORE, Plaintiff Joan Fallon, respectfully requests judgment in amount exceeding the jurisdictional limits of this Court.

Dated:   Westbury, New York
         April 20, 2007

Respectfully submitted,

_____
Jeffrey B. Gold, Esq. (JBG - 9671)
GOLD, STEWART, KRAVATZ, BENES & STONE, LLP
Attorney for Plaintiff

JOAN FALLON
1025 Old Country Road, Suite 301
Westbury, New York 11590
(516)512-6333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOAN FALLON,

                Plaintiff,

-against-                                      Case Number:
                                                   C.V.

NATIONAL PASSENGER RAIL ROAD
CORP. d/b/a AMTRAK,                        **Jury Trial Requested**

                Defendant.

----------------------------------------------------------X

**SUMMONS IN A CIVIL CASE AND COMPLAINT**

        Jeffrey B. Gold, Esq. (JBG - 9671)
        **GOLD, STEWART, KRAVATZ, BENES & STONE, LLP**
        **Attorney for Plaintiff**
        **JOAN FALLON**
        **1025 Old Country Road, Suite 301**
        **Westbury, New York 11590**
        **(516)512-6333**